IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-53,759-02






EX PARTE FRANCISCO E. CASTANEDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-1353-97-B(2) IN THE 93RD DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated robbery, one count of aggravated kidnapping, and one count of aggravated sexual assault
and was sentenced to imprisonment. The Thirteenth Court of Appeals affirmed the convictions on
appeal but remanded for a new punishment trial. Castaneda v. State, No. 13-98-575-CR, 28 S.W.3d
685 (Tex. App.--Corpus Christi 2000, no pet.). After the new punishment trial, Applicant was
sentenced to imprisonment for ten years on one count of aggravated robbery, twenty-five years on
the other count of aggravated robbery, thirty years on the count of aggravated kidnapping, and
sixty-five years on the count of aggravated sexual assault. Applicant again appealed, but the
convictions and sentences were affirmed. Castaneda v. State, No. 13-02-146-CR (Tex.
App.--Corpus Christi, delivered November 4, 2004, pet. ref'd).

 Applicant contends that his appellate counsel rendered ineffective assistance during the first
appeal because counsel failed to timely notify Applicant that the judgment finding Applicant guilty
had been affirmed and failed advise him of his right to petition for discretionary review pro se.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel on appeal. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that judgment finding Applicant guilty had been affirmed during the first appeal
and that he has a right to file a pro se petition for discretionary review. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: August 30, 2006

Do not publish